UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KEENAN BYRD,

                Plaintiff,

v.

SEATTLE POLICE OFFICER BONESTEEL,

                Defendants.

Case No. C18-0215-RSM-MAT

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court at the present time on plaintiff's motion for appointment of counsel. The Court, having reviewed plaintiff's motion, and the balance of the record, hereby finds and ORDERS as follows:

(1) Plaintiff's motion for appointment of counsel (Dkt. 16) is DENIED. There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the

ORDER DENYING PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL - 1

plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff argues in his motion that the interests of justice would be best served by appointment of counsel in this matter because his classification level interferes with his ability to access a law library. Plaintiff claims that because of his MI2 classification he is housed in a minimum security unit which does not have a law library, and that in order to use a law library he must be temporarily transferred to another prison unit. Plaintiff asserts that such transfers involve a time consuming process which could potentially inhibit his ability to meet Court deadlines. He also asserts that the need for such transfers will cause him to lose his prison job and will prevent him from going to school. Finally, plaintiff cites to the difficulty of contacting witnesses and conducting discovery while incarcerated as justification for appointing counsel.

Though the process plaintiff describes for accessing the law library is cumbersome, it should not preclude him from effectively litigating this case. The Court can make necessary adjustments to deadlines, within reason, to accommodate plaintiff's library access concerns. The fact that plaintiff may have to forego prison employment and educational opportunities in order to litigate this case is unfortunate, but is not sufficient to justify appointment of counsel. Likewise, the fact that plaintiff's incarceration will make contacting witnesses and conducting discovery more difficult, a challenge faced by many prisoners who elect to litigate actions such as this one, is not sufficient to justify appointment of counsel.

Based on the information available to the Court at this juncture, this Court must conclude that plaintiff has not demonstrated his case involves exceptional circumstances which warrant the appointment of counsel. Plaintiff's motion is therefore denied without prejudice to plaintiff renewing his request at a later time should circumstances change.

ORDER DENYING PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL - 2

(2) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable Ricardo S. Martinez.

DATED this 20th day of August, 2018.

*Mary Alice Theiler*
Mary Alice Theiler
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL - 3